IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROGER HARRIS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:13-cv-478-MJR-PMF |
| ) | |
| **RICK WATSON, in his Official Capacity** ) | |
| **As Sheriff of St. Clair County, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion to dismiss (Doc. No. 3). Plaintiff Roger Harris is proceeding against defendants Rick Watson and St. Clair County on § 1983 federal civil rights (Count 1) and state law (Count 2) claims. The motion, filed pursuant to Rule 12(b)(6), is opposed (Doc. No. 4).

### I.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure only requires short and plain statements of the claims for relief. Fed. R. Civ. P. 8(a). Defendants' motion was filed under Rule 12(b)(6), which permits dismissal of claims that fail to state grounds for relief. Neither party has articulated the current legal standard governing defendants' Rule 12(b)(6) motion. As plaintiff points out, the defendants conflate the legal standards for Rule 12 and Rule 56 motions. On the other hand, plaintiff relies on the pleading standard in effect prior to the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive defendants' motion, plaintiff must describe plausible claims for relief. That standard does not entail any consideration of whether the allegations are true, which facts should be believed, or which allegations are persuasive. Rather, the Court looks for a recognized legal

theory and, drawing reasonable inferences in favor of Harris, enough facts to raise his right to relief above the level of speculation to a level of plausibility. *Atkins v. City of Chicago*, 631 F.3d 823, 831 (7th Cir. 2011). In evaluating the sufficiency of Harris' allegations, the Court has not considered materials outside of his pleading.

## II.     Count 1

Count 1 alleges that Harris was attacked by hostile inmates while a jail detainee. Inferring that Harris was a pretrial detainee, his claim is governed by the Fourteenth Amendment's Due Process Clause. The standard for a due process claim is, for all practical purposes, equivalent to the "deliberate indifference" standard used to evaluate Eighth Amendment claims of cruel and unusual punishment. To state a plausible claim for relief, Harris must allege facts showing that the defendants knew that he faced a substantial risk of harm from an inmate assault on May 11, 2012, and failed to take any action to prevent the impending assault. *Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Harris's allegations suggest that, by reason of their supervisory positions or oversight authority, the defendants were or should have been generally aware that assaults occur in the jail and that they might deter such misconduct by choosing different policies or using different enforcement techniques. These allegations do not suggest that the defendants were actually on notice of a specific, imminent risk of harm (as opposed to a general risk of violence inside a jail). Further, there are not enough facts to allow a plausible inference that the defendants ignored a known risk or otherwise responded in a manner that approaches indifference. Finally, the allegations do not demonstrate a valid *Monell* claim for municipal liability. *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008)(requiring allegations that an express policy or person with final policymaking authority caused the harm).

The claim in Count 1 has not been raised above the speculative level.  Because Harris may be able to cure the pleading deficiencies by alleging facts suggesting that the defendants had actual knowledge of a specific, imminent threat and took no action, he should receive an opportunity to amend Count 1 in order to add supporting factual details.

### III.   Count 2

This Count alleges negligence.  As defendants point out, Harris has no plausible right to relief on a state law claim of negligence due to the statutory immunities provided by sections 4-103 and 2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Doc. No. 3, pp. 6-10).   745 ILCS 10/4-103, 10/2-201; *Payne v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998)(finding that the Illinois legislature intended immunity to be absolute); *Jefferson v. Sheahan*, 664 N.E.2d 212, 214 (Ill. App. 1996)(recognizing statutory immunity from a failure to protect claim on a motion to dismiss).   Section 4-103 provides:

> Neither a local public entity nor a public employee is liable for failure to provide . . . sufficient equipment, personnel, supervision or facilities therein.   Nothing in this Section requires the periodic inspection of prisoners.

745 ILCS 10/4-103.   Section 2-201 provides:

> [A] public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201.  The Court agrees with the defendants that the conduct supporting the negligence claim in Count 2 falls within the scope of these immunity statutes.  To the extent Harris bases his negligence claim on allegations of deficient hiring, retention, training, supervision, and policy enforcement, § 4-103 provides immunity.   To the extent Harris bases his negligence claim on allegations of deficient policy creation, § 2-201 provides immunity.   Count 2

3

fails to state a plausible claim for relief.

### IV.     Conclusion

IT IS RECOMMENDED that defendants' motion to dismiss (Doc. No. 3) be GRANTED. The Complaint (part of Doc. No. 2-1) should be dismissed, with leave to amend the federal civil rights claim (Count 1).

**SUBMITTED:   March 4, 2014 .**

 s/Philip M. Frazier
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**