IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER HARRIS, )<br>)<br>　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>RICK WATSON, in his Official Capacity )<br>as Sheriff of St. Clair County, and )<br>ST. CLAIR COUNTY, )<br>)<br>　　　　Defendants. )<br>)<br>) | Case No. 13-CV-478-MJR- PMF |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

　　Plaintiff Harris filed this suit asserting 42 U.S.C. § 1983 federal civil right claims (Count 1) and state law claims (Count 2) against Defendants Rick Watson and St. Clair County.  In Count 1 of the Complaint, Harris asserts that Defendants were deliberately indifferent to Harris' constitutional rights when they failed to protect him from being attacked by hostile inmates while he was a pretrial detainee (Doc. 2-1, p. 5-6).  Harris also alleges that Defendants had customs, policies and practices that violated the federal rights of United States citizens, and Harris incurred physical and psychological injuries as a result of these violations (Doc. 2-1, p. 5-6).  In Count 2 of the Complaint, Harris asserts negligence claims against Defendants with respect to hiring and retention,

training, supervision and failure to protect Harris (Doc. 2-1, p. 7).

On July 8, 2013, Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (*See* Doc. 3). Magistrate Judge Philip M. Frazier issued a Report and Recommendation on this Motion to Dismiss on March 4, 2014 (Doc. 13). No objections have been filed.[1]

Magistrate Judge Frazier's Report recommends granting Defendants' motion because Harris has failed to state a plausible claim for relief as to Count 1, and the Illinois Local Governmental and Governmental Employees Tort Immunity Act shields Defendants from liability as to Count 2. Judge Frazier recommends that the Complaint should be dismissed with leave to amend Count 1.

Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), the Court need not conduct a *de novo* review of the Report and Recommendation. ***See Thomas v. Arn*, 474 U.S. 140 (1985)**. While a *de novo* review is not required here, the Court has considered the record and Magistrate Judge Frazier's Report and Recommendation and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Frazier. Harris has failed to allege enough facts to state a claim for deliberate indifference. The undersigned District Judge, however, agrees that Harris may be able to cure these pleading deficiencies by alleging facts suggesting that Defendants had actual knowledge of a specific and

---

[1] Instead, Harris has filed an Amended Complaint (Doc. 15). Harris should have waited for the undersigned District Judge to rule on the Report & Recommendation before filing his Amended Complaint. For the sake of efficiency, however, the Court will not strike Doc. 15 from the record.

imminent threat, yet took no action.  Thus, Harris should receive an opportunity to amend Count 1.  The negligence claim, however, fails to state a plausible claim for relief as Defendants are immune from liability pursuant to 745 ILCS 10/4-103 and 745 ILCS 10/2-101.

The Court **ADOPTS** Magistrate Judge Frazier's Report and Recommendation (Doc. 13).  The Court **GRANTS** Defendants' Motion to Dismiss (Doc. 3), with leave to amend Count 1 of the Complaint.

IT IS SO ORDERED.

DATED:   March 24, 2014

>                            s/Michael J. Reagan_____ _____
>                            MICHAEL J. REAGAN
>                            United States District Judge